Submitted September 14, affirmed December 14, 2011, petition for review denied March 8, 2012 (351 Or 649)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ROLAND McKAY, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C082650CR; A144141

268 P3d 769

Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from a judgment of conviction for second-degree assault, driving under the influence of intoxicants, reckless driving, and second-degree criminal mischief. Defendant argues that the trial court's application of ORS 161.125(2),[1] which prohibited the jury from considering his voluntary intoxication when determining if he had acted with a reckless mental state, violated his right to due process under the Fourteenth Amendment to the United States Constitution. We affirm.[2]

In the early morning hours after a long day of drinking, defendant and his friend, Johnson, left a friend's house in Johnson's truck. Both men were heavily intoxicated; defendant was driving. Defendant drove the truck into a tree at high speed, injuring Johnson and himself. For that conduct, defendant was indicted for second-degree assault based on the injuries that Johnson suffered, driving under the influence of intoxicants, reckless driving and second-degree criminal mischief. Except for the driving under the influence of intoxicants charge, the indictment alleged for each charged offense that defendant had acted "unlawfully and recklessly."

Before trial, defendant moved to prohibit the application of ORS 161.125(2) on the ground that that statute violated his right to due process. According to defendant, the statute violates his right to due process because "it prevents [defendant] or any defendant similarly situated [from] arguing that he wasn't conscious of the risk" and because it "relieves the state of its burden of proof. The state has to prove recklessness, but if we can't present a defense to recklessness, which is that he didn't consciously disregard any risk by way of alcohol intoxication, they are relieved of that burden." The trial court denied the motion, reasoning that

---

[1] ORS 161.125(2) provides:

"When recklessness establishes an element of the offense, if the defendant, due to the use of drugs or controlled substances, dependence on drugs or controlled substances or voluntary intoxication, is unaware of a risk of which the defendant would have been aware had the defendant been not intoxicated, not using drugs or controlled substances, or not dependent on drugs or controlled substances, such unawareness is immaterial."

[2] We reject defendant's second assignment of error without discussion.

"I think that the law was designed to use voluntary intoxication to offset the mental elements of intentionally and knowingly, and there's a lot of situations where that makes sense. The legislature decided not to let it apply to reckless conduct, which makes total sense, and I'm not about to turn the statute and the case law upside down, so I am denying the defendant's motion under ORS 161.125(2)."

After the close of the evidence, defendant asked the court to give Uniform Criminal Jury Instruction (UCrJI)1102 to the jury. That instruction provides:

"The voluntary use of alcohol or drugs does not excuse or justify criminal conduct. However, you may consider evidence of voluntary intoxication in making your decision whether the defendant had the mental state that is required for the commission of the charged offense."

The trial court declined to give that instruction, and defendant excepted on the record. The jury convicted defendant of the charged offenses.

Defendant renews on appeal his argument that ORS 161.125(2) violates his right to due process for the reasons advanced to the trial court.[3] The state replies that the application of ORS 161.125(2) did not violate defendant's right to due process because that statute is on all fours with the Montana statute that the United States Supreme Court upheld against a due process challenge in *Montana v. Egelhoff*, 518 US 37, 116 S Ct 2013, 135 L Ed 2d 361 (1996). We agree with the state.

In *Egelhoff*, the defendant argued that Montana Code Annotated § 45-2-203, which provided that voluntary intoxication "may not be taken into consideration in determining the existence of a mental state which is an element of [a criminal] offense," violated his rights under the Due Process Clause for the same reasons that defendant advances in this case. 518 US at 39-40. The defendant was charged with "purposefully" and "knowingly" shooting to death two people. At trial, the defendant was allowed to "make use of the evidence that he was intoxicated," but the jury was instructed,

---

[3] Defendant does not make an argument under the Oregon Constitution.

pursuant to § 45-2-203, "that it could not consider [defendant's] 'intoxicated condition * * * in determining the existence of a mental state which is an element of the offense.' " *Id.* at 41 (omission in original). A plurality of justices framed the issue as whether "a defendant's right to have a jury consider evidence of his voluntary intoxication in determining whether he possesses the requisite mental state is a 'fundamental principle of justice.' " *Id.* at 43. The plurality concluded that it was not, explaining that, although evidence of voluntary intoxication had been admitted in some states in more recent times, "the people of Montana have decided to resurrect the rule of an earlier era, disallowing consideration of voluntary intoxication when a defendant's state of mind is at issue. Nothing in the Due Process Clause prevents them from doing so." *Id.* at 56.

Justice Ginsburg concurred, framing the issue as "a redefinition of the mental state element of the offense." She declined to join the plurality's categorization of § 45-2-203 "as merely an evidentiary prescription," but agreed that the statute was not unconstitutional. *Id.* at 57. (Ginsburg, J., concurring.) Justice Ginsburg noted that the statute was not codified in Montana's "Code containing evidentiary rules," but, instead, was "part of a chapter entitled 'General Principles of Liability.' " *Id.* (Ginsburg, J., concurring). "Comprehended as a measure redefining *mens rea*," Justice Ginsburg continued, "[the statute] encounters no constitutional shoal [because] [s]tates enjoy wide latitude in defining the elements of criminal offenses." *Id.* at 59 (Ginsburg, J., concurring). Accordingly, Justice Ginsburg concluded, "defining *mens rea* to eliminate the exculpatory value of voluntary intoxication does not offend a 'fundamental principle of justice,' given the common law tradition, and the adherence of a significant minority of states to the position today." *Id.*

Under either the plurality's or the concurrence's analyses in *Egelhoff*, the application of ORS 161.125(2) did not violate defendant's right to due process in this case.

Like Montana Code Annotated § 45-2-203, ORS 161.125(2) makes voluntary intoxication "immaterial" to the determination whether a defendant acted with a pertinent mental state, under the Oregon statute, recklessness.

Indeed, ORS 161.125(2) is narrower than § 45-2-203; it applies *only* to the mental state of recklessness and, further, applies only to one element of that mental state: the defendant's awareness of a risk. The Montana statute had applied to *all* mental states, including purposefully and knowingly. *Egelhoff*, 518 US at 39-40. Moreover, even if we were persuaded that ORS 161.125(2) constitutes an impermissible restriction on the admission of relevant evidence, we nonetheless would conclude, following Justice Ginsburg's analysis of § 45-2-203, that the statute constitutes a redefinition of the *mens rea* element. Ultimately, we need not decide which particular category in which to place ORS 161.125(2) because, under either approach, the statute does not run afoul of the Due Process Clause.

The trial court did not err in applying ORS 161.125(2), and it did not err in declining to give UCrJI 1102, which, under the circumstances of this case, was at odds with that statute.

Affirmed.